IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PURCELL BRONSON, )<br>               Plaintiff  ) <br>                      )<br>vs.                        )<br>                      )<br>MICHAEL LAMB, Prothonotary; KATE )<br>BARKMAN, Director of Court Records; )<br>MICHAEL McGEEVER, Manager Civil )<br>Division, in their official and private )<br>capacity, )<br>              Defendants ) | Civil Action No. 09-225<br>Judge Alan N. Bloch/<br>Chief U.S. Magistrate Judge Amy Reynolds Hay |

## REPORT AND RECOMMENDATION

### RECOMMENDATION

It is respectfully recommended that the Order granting Plaintiff's application for leave to proceed in forma pauperis be vacated and that Plaintiff be required to pay the filing fee within 30 days or face dismissal for failure to prosecute.

### REPORT

Purcell Bronson, previously having been incarcerated within this District and having been transferred out of this District for some time, now finds himself again incarcerated within this District at SCI-Mahanoy, courtesy the Pennsylvania Department of Corrections. In Plaintiff's current civil rights complaint, he sues Michael Lamb, Allegheny County Court Prothonotary, Kate Barkman, Director of Court Records, and Michael McGreever, Manager of the Civil Division, in their official and individual capacities. He claims that in November 17, 2006, he sought to file a praecipe for entry of default judgment in another case he had filed in the Allegheny County Courts but that the Defendants failed to process the praecipe in accordance

with state rules. He claims that on February 24, 2008, he again filed a praecipe which the Defendants again refused to process. Plaintiff makes similar claims involving yet another case he filed in Allegheny County. By way of relief, he seeks declaratory and injunctive relief, claiming that the Defendants are denying him access to the state courts. In addition, he seeks compensatory damages.

This case was originally – and mistakenly – assigned to another Magistrate Judge who granted Plaintiff's IFP motion, see Doc. 2, unaware that Plaintiff has acquired at least three strikes. Hence, the IFP motion should have been denied. Accordingly, the Order granting Petitioner leave to proceed in forma pauperis should be vacated and Plaintiff ordered to pay the filing fee within thirty days of the Court's adoption of this Report or face dismissal for failure to prosecute.

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., NO. CIV.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001)("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

The Court takes judicial notice of court records and dockets of the federal courts located in the Commonwealth of Pennsylvania as well as those of the Court of Appeals for the Third Circuit. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). The computerized dockets of those courts reveal that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. §

1915(g)[1] which provides in relevant part that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[2]

Plaintiff has indeed accumulated at least three strikes. See, e.g., Bronson v. Beaven, No. 08-3981 (3d Cir. Order filed Feb. 26, 2009 denying Petitioner leave to proceed IFP on appeal because "Bronson has had at least three cases dismissed as frivolous. See C.A. 97-3056,[3] 96-7771[4] and 93-3307.[5]"). Accordingly, because Plaintiff has at least three strikes Plaintiff may not proceed IFP. As well, Plaintiff has not alleged anything in the complaint that would merit the grant of IFP even in those cases of prisoners who have three strikes. Accordingly, the Order granting Plaintiff leave to proceed in forma pauperis should be vacated and Plaintiff ordered to pay the filing fee within 30 days of the adoption of the Report or face dismissal for failing to

---

[1] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001)(noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

[2] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h)

[3] Bronson v. Edwards, No. 97-3056 (3d Cir. Order of 5/27/1997 dismissing appeal as frivolous).

[4] Bronson v. Newfield, No. 96-7771 (3d Cir. Order of 6/18/1997 dismissing appeal as frivolous).

[5] Bronson v. Stapleton, No. 93-3307 (3d Cir. Order of 12/28/1993 dismissing appeal pursuant to 28 U.S.C. § 1915(d)).

prosecute.

**CONCLUSION**

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation, a copy of which docket entry is being mailed to Plaintiff along with the Report. Failure to timely file objections may constitute a waiver of any appellate rights. Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

Dated: 8 February, 2010

cc:  The Honorable Alan N. Bloch
    United States District Judge


    Purcell Bronson
    AF-8163
    SCI Mahanoy
    301 Morea Road
    Frackville, PA 17932